IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **CELESTE PUFFENBARGER,** | ] |
| **Plaintiff,** | ] |
| vs. | ] Case No: |
| **GOOGLE, LLC.** | ] JURY DEMAND |
| **Defendant.** | ] |

## COMPLAINT

Comes now the Plaintiff, Celeste Puffenbarger, by and through counsel and for cause of action will respectfully show to the Court as follows:

### JURISDICTION & VENUE

1. This action involves the application of the Americans with Disabilities Act, as Amended ("ADA"), 42 U.S.C. § 12101, et seq., and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*.

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

3. The claims asserted in this action arose in Montgomery County, Clarksville, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

### ADMINISTRATIVE PREREQUISITE

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue was issued on January 27, 2023, a true and correct

copy of which is attached hereto as Exhibit A. Further, Defendant employs more than fifteen employees.

## PARTIES

5. Plaintiff, Celeste Puffenbarger, is an adult female individual and citizen of the United States who resides in Montgomery County, Clarksville, Tennessee.

6. At all relevant times, Plaintiff was an employee of Google, LLC (hereinafter "Google" or "Defendant").

7. Defendant is a foreign limited liability company or similar business entity and regularly conducts business at 1000 Boolean Drive, Clarksville, Tennessee.

8. At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed fifteen (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to 29 U.S.C. § 2611(4)(A) of the Family and Medical Leave Act (FMLA).

## FACTUAL ALLEGATIONS

9. Plaintiff was hired by Defendant as an Environmental Health & Safety ("EHS") Manager in June 2019.

10. Throughout her employment, Plaintiff performed her duties without issue and received positive performance evaluations.

11. Plaintiff has been diagnosed with diabetes, anxiety, and panic disorder.

12. Plaintiff's disabilities, in their unmitigated state, substantially limit the major life activities of breathing, sleeping, learning, communicating, interacting with others, concentrating, thinking, performing manual tasks, and working.

13. Plaintiff's disabilities also substantially limit the major bodily functions of the brain, neurological function, and endocrine function.

14. Plaintiff utilizes mediation and therapy to mitigate the symptoms of her disabilities.

15. Despite these mitigating efforts, Plaintiff still suffers episodic flare-ups of her disabilities.

16. During episodic flare-ups, Plaintiff is substantially limited in the major life activities of breathing, sleeping, learning, communicating, interacting with others, concentrating, thinking, caring for self, performing manual tasks, and working; as well as the major bodily functions of the brain, neurological function, and endocrine function.

17. In 2022, Plaintiff began having flare-ups with her anxiety and panic disorder.

18. As a result of these flare-ups, Plaintiff was prescribed medication.

19. The medication prescribed to treat the anxiety and panic disorder had the side effect of raising Plaintiff's blood sugar to dangerous levels.

20. On May 19, 2022, Plaintiff's physician executed a "Medical Inquiry Form in Response to an Accommodation Request."

21. Per the executed medical accommodation request form, Plaintiff's physician identified Ms. Puffenbarger's limitations and recommended a leave of absence of 8-10 weeks.

22. Plaintiff provided the accommodation request to her supervisor, Regional EHS Manager Chris Smith, on May 19, 2022.

23. In response, Mr. Smith looked at Plaintiff and said, "You know, Google doesn't have to accommodate anyone."

24. Plaintiff asked Mr. Smith to please read the accommodation request and let her know whether her request is approved and if she can take leave under the Family Medical Leave Act "FMLA").

25. Mr. Smith then responded, "You know Tennessee is a right to work state, don't you?"

26. On May 26, 2022, Plaintiff had a one-on-one meeting with Mr. Smith to discuss her accommodation request and potential FMLA leave.

27. During the meeting, Mr. Smith told Plaintiff he "sent her paperwork," but that the approval is determined by a committee, and he would let her know when the committee made a determination.

28. Plaintiff asked Mr. Smith why her accommodation and FMLA leave request had not been sent to Human Resources?

29. Mr. Smith responded by stating Human Resources is too new and we cannot approve anything until we backfill your position.

30. On June 28, 2022, Plaintiff was terminated by an unknown individual purporting to be Human Resources via video chat.

31. The individual who terminated Plaintiff had the video camera turned off so Plaintiff could not see who the individual was or what her name was, only that the individual was purportedly human resources.

32. Plaintiff inquired if she was being terminated due to her accommodation and FMLA leave request.

33. The individual responded, "Nothing you say will change anything, so there is nothing else to discuss" and ended the video chat.

34. Defendant discriminated against Plaintiff because of her disability.

35. Defendant failed to engage in the interactive process with Plaintiff and failed to accommodate her disability.

36. Defendant also interfered with Plaintiff's rights under the FMLA and retaliated against her for attempting to exercise her rights under the FMLA.

## COUNT I – VIOLATIONS OF AMERICANS WITH DISABILTIES ACT
## (DISABILITY DISCRIMINATION, RETALIATION, FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS, & FAILURE TO ACCOMMODATE)

37. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

38. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

39. Plaintiff was disabled in that she had a mental and/or physical impairment which substantially limited one or more major life activities.

40. Defendant regarded Plaintiff as disabled by perceiving that her impairment limited the major life activity of working.

41. Defendant discriminated against Plaintiff on the basis of her disability and/or perceived disability in violation of the ADAAA, 42 U.S.C. § 12112, *et. seq*.

42. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

43. Defendant was aware of Plaintiff's disability.

44. Plaintiff made requests for leave as reasonable accommodation to Defendant that would not have caused an undue hardship to Defendant.

45. Defendant failed to engage in the interactive process.

46. Defendant failed to provide Plaintiff with a reasonable accommodation.

47. Defendant took adverse employment actions against Plaintiff because of her disability and/or perceived disability and/or in retaliation for her requests for reasonable accommodation.

48. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

49. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## COUNT II- VIOLATION OF FAMILY AND MEDICAL LEAVE ACT (INTERFERENCE AND RETALIATION)

50. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

51. Defendant qualifies as an "employer" as defined in the FMLA, 29 U.S.C. § 2611(4) and employed over fifty (50) or more employees within a seventy-five (75) mile radius from the location in which the Plaintiff worked.

52. Plaintiff was an "eligible employee" as defined in the FMLA, 29 U.S.C. § 2611(2), as she had been employed continuously by Defendant for over a twelve-month period and worked at least 1,250 hours of service in the prior twelve-month period.

53. There was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1).

54. Defendant interfered with Plaintiff's attempt to exercise of her right of entitlement to leave under the FMLA, pursuant to 29 U.S.C. § 2615(a).

55. Defendant retaliated against Plaintiff for attempting to exercise her right of entitlement to leave under the FMLA, pursuant to 29 U.S.C. § 2615.

56. Defendant, in failing to provide leave and terminating Plaintiff's employment, willfully violated the anti-interference and retaliation provisions of the FMLA, 29 U.S.C. § 2615.

57. Defendant is responsible and liable under the FMLA, 29 U.S.C. § 2617(a).

58. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendants, for:

(1) all amounts of wages Plaintiff should have received under federal and state laws but for Defendants' willful violation of her rights, plus an equal amount in liquidated damages pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2617(a)(1)(A); and

(2) a judgment against the Defendant for damages, both compensatory and punitive, in an amount determined by the jury; and

(3) all reasonable attorney's fees, costs and interest pursuant to federal and state law;

(4) a tax offset to neutralize the tax burden of any award; and

(5) any such other legal or equitable relief as may be appropriate or to which she may be entitled under federal and/or state law.

Respectfully Submitted,

**THE EMPLOYMENT & CONSUMER LAW GROUP**

**/s/** ***G. BRANDON HALL***
**G. BRANDON HALL, BPR No. 034027**
**LAUREN IRWIN, BPR No. 038433**
1720 West End Ave., Suite 402
Nashville, TN 37203
(615) 850-0632
bhall@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*